David J. WARD, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CR 83–54.

United States District Court,
N.D. Ohio, W.D.

May 9, 1985.

. Fred McDonald, Asst. U.S. Atty., Toledo, Ohio, for petitioner.

Michael P. Kelbley, Tiffin, Ohio, for respondent.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

On September 8, 1983 the defendant, named in the caption as petitioner, was sentenced to the concurrent terms of imprisonment for five (5) years, with parole eligibility at any time under the provisions of Title 18 U.S.C. § 4205(b)(2), on two counts of a three count information charging him with distribution of cocaine.

He has filed what he denominates as a "motion to produce pre-sentence report," seeking to be furnished forthwith with a certified and true copy of the presentence report in his case, including all attached exhibits and documents used in said report.

He states that his intent is "to move for the expungement of certain incorrect statements and facts contained with [in] said report." He cites as authority for his position *Fender v. United States Parole Commission*, N.D.Ca., 9–23–83.

The citation is not a meaningful one, but if it were, this Court has repeatedly stated that it does not regard the rulings of other district judges as having any controlling force as precedents. This Court is sometimes persuaded by the reasoning of fellow district judges, but in this area, in which this Court has had well over thirty years of experience and study, it is not likely that the opinion of any other district judge would have much influence on his views.

■ Rule 32 of the Federal Rules of Criminal Procedure[1] gives the defendant in a criminal case some access to his presentence investigation report at certain times and places when it would be meaningful to do so. It, however, does not give a defendant any right whatsoever to have a copy of the report, much less copies of any documents or materials used in preparing the report.[2] It is difficult to imagine any court granting what the defendant requests.

As is routinely done in this Court prior to sentencing, defendant and his counsel were provided the opportunity to examine the presentence investigation report in order to determine the accuracy of the information contained therein. If the report included any incorrect facts or statements, defendant had ample opportunity to raise them before sentence was pronounced.

■ When parole hearings are scheduled for the defendant, he will again have access to the report, *see* 18 U.S.C. §§ 4207, 4208(b), and he can at that time produce any evidence he may have as to any inaccuracies in the report. However, the law does not look favorably on fishing expeditions. Neither is there any sound reason in law why the defendant should have a copy of the presentence report so that he can have ample time and opportunity to gather or fabricate evidence to question it.

---

1. Rule 32(c)(3)(A) directs that:

   [a]t a reasonable time before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation exclusive of any recommendations as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinions which, if disclosed, might seriously disrupt a program of rehabilitation; or sources of information obtained upon a promise of confidentiality; or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.

2. While the Court in its discretion may allow the defendant to retain a copy of his presentence report, the general rule is clear and unequivocal that:

   [a]ny copies of the presentence investigation report made available to the defendant and his counsel and the attorney for the government shall be returned to the probation officer immediately following the imposition of sentence....

   Fed.R.Crim.P. 32(c)(3)(E).

If the presentence investigation report really does contain any erroneous information that is prejudicial to the defendant, he must know what it is, and how to demonstrate the errors. He does not need a copy of the report to make his case against it.

 The basic purpose of presentence investigation reports would be defeated if they are regarded simply as a part of the proof in the case, and thus subject to study and refutation. The need for such a report cannot arise until the guilt of the person who is the subject of the report has been established. The object of the report is to bring out matters which are, and should be, totally irrelevant to the fact of guilt or innocence. Except under a system of fixed, mandatory sentencing, things irrelevant to guilt or innocence are relevant to the establishment of a condign punishment. In that regard, a defendant has from time immemorial had the right of allocution. Every defendant has the right to prepare his own presentence investigation report, and to tender it to the Court to be considered before sentence is pronounced. He has a similar right to lay matters relevant to sentence before the Parole Commission. If he knows or suspects that the report prepared by the Court's probation staff is inaccurate, he had better prepare his own report. To do that, he really doesn't need even to have access to the presentence investigation report at all. The form of such reports is highly standardized. Theoretically, at least, no matter who prepares the report, the contents should be the same. If, therefore, both a defendant and a court staff prepared separate presentence reports, any consequential differences between them would stand out very glaringly.

Neither in the law nor in reason is there any right of a defendant to have what this defendant-petitioner seeks. His motion must be overruled.

THEREFORE, for the above stated reasons, good cause therefor appearing, it is

ORDERED that the motion of petitioner to produce the presentence report should be, and it hereby is, OVERRULED.

IT IS SO ORDERED.